KENNETH RATCLIFF
v.
N. BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY
No. 2009 CA 0485.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
KENNETH RATCLIFF, Appellant In Proper Person
WILLIAM KLINE, Counsel for Defendant-Appellee Louisiana Department of Public Safety and Corrections.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Petitioner, Kenneth Ratcliff, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, appeals the summary dismissal of his lawsuit with prejudice pursuant to a screening judgment signed by the district court.
In his petition (styled as an "Application for Writ of Habeas Corpus"), which was filed on February 25, 2008, Ratcliff claimed his confinement in "punitive segregation" that followed a 2003 prison disciplinary action is a violation of due process.[1] He challenges the validity of the disciplinary action on the grounds that there was insufficient evidence to support a finding of guilt.
The Commissioner's screening report recognized that Ratcliff filed a claim for "habeas relief rather than seeking an appeal of an identified disciplinary appeal or ARP grievance. The Commissioner reasoned that the petition failed to state a cause of action for habeas relief because there is no allegation that Ratcliff has completed his felony sentence or is overdue for release. Further, because the record does not establish that Ratcliff exhausted available administrative remedies, the Commissioner concluded that the district court did not have jurisdiction to consider Ratcliffs claims, citing La. R.S. 15:1172(C). Additionally, the Commissioner noted that Ratcliff could not circumvent the time limitations applicable to judicial review of administrative remedy procedures as set forth in La. R.S. 15:1177 by styling his petition as a writ of habeas corpus.
Accordingly, the Commissioner determined the district court had no authority to reconsider the merits of an adverse decision regarding Ratcliff s disciplinary violation and recommended the dismissal of Ratcliff's suit based on his failure to state a cause of action for habeas relief and on lack of subject matter jurisdiction for failure to exhaust administrative remedies regarding the five-year old disciplinary action.
The district court adopted the written recommendation of the Commissioner and dismissed Ratcliffs petition. We conclude the dismissal was proper. Accordingly, we affirm the district court's judgment and issue this summary disposition in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(2), (5), and (6). Costs of this appeal are assessed against appellant, Kenneth Ratcliff.
AFFIRMED.
NOTES
[1] The record includes a September 11, 2003 disciplinary report, which finds that Ratcliff violated Rule Number 30-W, General Prohibited Behavior. Ratcliff was placed in administrative segregation and sentenced to a one-year loss of incentive pay.